## KENNEDY, Estate of, In re.
## NEVIUS, Exr., Plaintiff-Appellant, v. DEPARTMENT OF TAXATION, Defendant-Appellee.

Ohio Appeals, Second District, Clark County.

No. 473. Decided January 28, 1950.

Frank L. Nevius, Springfield, Dempsey & Dempsey, Cincinnati, for plaintiff-appellant.

Herbert S. Duffy, Atty. Genl., Robert E. Younger, Asst. Atty. Genl., Columbus, for defendant-appellee.

## OPINION

By THE COURT:

This is a law appeal from the Probate Court for Clark

County, Ohio. The plaintiff's decedent died testate, her will, after providing for the payment of debts, expenses of last illness, funeral expenses, etc., in Item I, provided in Item II as follows:

"I direct my Executor hereinafter named to expend the sum of $2000.00 out of my estate for masses to be offered in St. Raphael Church in Springfield, Ohio, for the deceased members of the family of my parents, Edward Kennedy and Mary Kennedy, including of course masses for the repose of my soul."

Upon application being made to the Probate Court for a determination of inheritance taxes the court found that the $2000.00 mentioned in Item II was taxable and not subject to the exemptions allowed in §5334 GC. Exceptions were filed to this determination, which were overruled. The appeal is from this judgment.

The appellant bases his assignment of errors on three major premises:

(1) That the direction of the testatrix to the executor in Item II of the will created a debt or obligation against her estate.

(2) That since no particular pastor is designated to conduct the masses there is no succession to pass.

(3) That if there is a succession the same is to or for the use of an institution for purposes only of public charity.

As to assignments Nos. 1 and 2, supra, the same questions arose in the case of the Estate of Margaret Nohilly, Case No. 2337, unreported decision of the Court of Appeals for Stark County. In this case the will provided, after making provision for the payment of debts and funeral expenses, in the following item:

"All the rest and residue of my estate I direct that my executor shall convert into cash and that he expend the same for the reading of low masses for the repose of my soul, the soul of my mother, Mary, * * *, and that said masses be read at St. Joseph's Roman Catholic Church at Dover, Ohio, and at least thirty of said masses shall be said consecutively."

The court here held that the bequest was taxable under the pronouncement of the Supreme Court of Ohio in the case of **In re Estate of Reilly, 138 Oh St 145.** In discussing the case the court said:

"The claims made by the appellant herein are two-fold: First, that the funds for the saying of Masses is a debt chargeable against the estate, similar to the erection of a monument. Second, since no particular Pastor is named there is no succession to pass. These funds are derived from the residuary clause. The testatrix herself did not consider this to be a debt, as she provided for the payment of debts and funeral expenses in the first item of the will."

"We do not think that the distinction sought to be drawn in the instant case from the Reilly case is valid. In both cases the Masses were to be said in a particular church and the stipend would go to the pastor or the priests who said the Masses. Pastors and priests change and it is not possible to spell out the particular name in a will."

"As said in the Reilly case, the statutes do not provide for the exemption and it cannot be provided by judicial legislation. The remedy is in the Legislature, not the courts. The judgment is affirmed."

We are in accord with the legal conclusions of this appellate court and concur in the same. The appellant places much stress upon the fact that the testatrix uses the word "expend" instead of "give" or "bequeath", and therefore urges that she considered it to be a debt and not a bequest. We think this is of no significance. The personal estate of the deceased vests in the executor or administrator as of the date of the death, so that every bequest is in the nature of a direction to the executor to pay over to the legatee personalty to which he has title. It would appear that this bequest was worded as a direction to the executor to expend certain sums for masses without naming the pastor because the person who might fill that office at St. Raphael's Church at the date of the death of the testatrix could not be determined at the time of the execution of the will.

It is also apparent that the testarix did not place this item in the category of a funeral expense since she provided for this payment along with other liabilities in Item I of her will.

Let us next consider the nature of the bequest. Was it one "only for public charity", and therefore exempt under §5334 GC? We recognize the holding of masses to be for a charitable purpose, but is that the only purpose? We know of no cases so holding. Numerous cases are cited by the appellant which hold that a bequest for the saying of masses for the repose of the soul is a charitable trust and therefore valid, but this is not our question. We are only concerned with

whether it is entitled to exemption under the statute. In order to be exempt for charitable purposes, it must be ▌for this only. The right to exemption must be clear and free from doubt. Exemption statutes must be construed strictissimi juris. **Tax Commission v. Paxon, 118 Oh St 36.** Further comment on this question should not be necessary as our Supreme Court has spoken upon the validity of such tax in the case of **In re Estate of Reilly, 138 Oh St 145.** The syllabus of this case provides:

"When a testatrix by will sets up trusts, the income or principal of which is to be paid in weekly installments to the ▌pastors of designated churches for the purpose of saying masses for herself, her family and relatives, such trusts are taxable successions under the provisions of §5332 GC."

We are therefore of the opinion that there is no error in the record and the judgment is ordered affirmed.

MILLER, PJ, HORNBECK and WISEMAN, JJ, concur.